[No. 9625. Department Two. December 20, 1911.]

D. P. HAYES, *Administrator etc.*, *Appellant*, v. JOHN GASTON, *Respondent.*[1]

LIFE ESTATES—FAILURE TO PAY TAXES—WASTE—ACTIONS—PARTIES PLAINTIFF. An action for the appointment of a receiver of a life estate and to compel the payment of taxes and assessments by the life tenant and prevent waste, cannot be maintained by the administrator with the will annexed, for the benefit of the remainderman without making him a party, neither the administrator nor the remainderman having paid the taxes, since the remainderman is the real and indispensable party in interest.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered April 11, 1911, dismissing an action for the appointment of a receiver of a life estate in lands, for insufficiency of the complaint to state a cause of action. Affirmed.

*Sharpstein & Sharpstein*, for appellant.

*Rader & Barker*, for respondent.

MORRIS, J.—Hannah Gaston died in 1886, leaving an estate in Walla Walla, and a last will and testament whereby, so far as the same is here material, a life estate was created

[1]Reported in 119 Pac. 818.

in her husband, John Gaston, in the north half of two certain lots. The executor was then directed to sell the remaining estate, and the money to be derived from such sale was bequeathed to certain relatives. The executor subsequently died, and appellant was appointed administrator with the will annexed. No taxes have been paid on this lot since 1906, and certain local improvement assessments have also been levied against it, which are likewise unpaid. The appellant brought this suit, setting forth the above facts; and, after alleging the rental value of the lot as "about $300 per annum," and the neglect and refusal of respondent to pay these taxes and assessments, and the consequent jeopardizing, depreciation, and waste to the estate in remainder, prayed for the appointment of a receiver of the life estate of John Gaston, to collect the rents, sell the life estate, and apply the proceeds in payment of these various liens, and for judgment against the life tenant in the sum of $7,200 (the amount of the liens, we assume), less the amount derived from rentals and the sale of the lot. John Gaston made no appearance in the court below. The court, however, held that the complaint failed to show a right of action in appellant, and dismissed the action, and this appeal follows. Both parties appear in this court.

Many questions are discussed in the briefs which we will not attempt to discuss, it appearing to us that they are not material to the only point involved in the appeal—the sufficiency of the complaint. Upon this point, we sustain the ruling of the lower court. The action is purely one on behalf of the remainder in this estate. It is either for the benefit of the remainderman to have the life estate sold for the payment of these taxes, or else it is against his interest. In either event, he is a necessary party to the action and, under the allegations of the complaint, the only one who can maintain this action. Conceding the law to be that it is the duty of the life tenant to pay the current taxes when the estate is sufficient for that purpose, and that, when any

other party on his default is compelled to pay such taxes to protect his own interests, he has a remedy over for the recovery of the amount so paid, such does not appear to be the case here.    Neither the administrator, nor any other person whom the administrator rightfully represents, has paid these taxes.    It will also be admitted that the neglect or refusal of the life tenant to pay the current taxes constitutes waste as against the remainderman, and subjects the estate in remainder to a forfeiture in payment of the tax lien.    But this jeopardizing of the estate in remainder does not of itself give any right of action to the administrator. Such right of action rests in the one whose estate is being endangered and who will suffer because of the loss and waste. There are cases holding that where, under some peculiar authority conferred by the will, the executor has paid taxes or interest on incumbrances upon the estate, he could recover as against the life tenant whose duty it was to make such payment.    But that is not this case.

We do not think it necessary to discuss the matter further.    The judgment is sustained.

DUNBAR, C. J., CHADWICK, ELLIS, and CROW, JJ., concur.